DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHARINE KECHES,**
Appellant,

v.

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**
Appellee.

No. 4D2024-2427

[June 11, 2025]

Appeal from the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 502024SC004786.

Katharine Keches, Ocean Ridge, pro se.

Anthony Joseph Maniscalco of Portfolio Recovery Associates, LLC, Norfolk, VA, for appellee.

PER CURIAM.

In this small claims case, the pro se defendant had difficulty connecting to an online Zoom final hearing. She achieved an online connection shortly after the hearing concluded. The court entered a default, heard evidence, and later entered a final judgment.

The defendant timely filed a letter with the court explaining her predicament, which can fairly be read as a motion for new trial or a motion for relief from judgment. *See* Fla. Sm. Cl. R. 7.180(a), 7.190(b)(1); *Hanna v. Hemelberg*, 394 So. 3d 231, 235 (Fla. 3d DCA 2024) (holding that regardless of how the pro se litigant captioned her "Vacatur Motion," it "was essentially a motion for rehearing," so "the trial court should have treated the Vacatur Motion as an authorized and timely-filed motion under rule 7.180, and then proceeded to adjudicate the motion on its merits").

The county court never addressed the merits of the defendant's "letter motion."  The defendant timely appealed the final judgment.[1]

The defendant set forth a colorable entitlement to relief based upon excusable neglect due to technical difficulties with the Zoom process.  The trial court abused its discretion by entering a final judgment, without holding a hearing on the defendant's motion.  *See Burke v. Soles*, 326 So. 3d 83, 84 (Fla. 4th DCA 2021) (holding that "failure to appear [] caused by technological difficulties is the type of 'system gone awry' that may constitute excusable neglect," and holding that "although Burke's pro se motion does not specifically reference rule 1.540 or rule 1.530, and does not include the words 'excusable neglect,' the motion nonetheless suggests a case of excusable neglect" "due to technological problems"); *see also Noble v. Wexford Health Sources, Inc.*, No. 4D2024-1007, 2025 WL 1119145, at *1–2 (Fla. 4th DCA Apr. 16, 2025) (holding that pro se appellant's rule 1.530 and rule 1.540 motions "alleg[ing] his failure to appear at the hearing [] due to . . . technical problems in accessing the Zoom hearing" "set forth a colorable entitlement to relief based on excusable neglect, and the trial court's denial of relief abused its discretion because the trial court failed to conduct an evidentiary hearing").

We reverse the final judgment and remand to the trial court to conduct an evidentiary hearing on the defendant's motion.

*Reversed and remanded with instructions.*

GROSS, MAY and CONNER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The county court later entered an Order Closing File, declaring that "[t]here are no pending motions or issues requiring judicial action in this case."  Thus, the court effectively disposed of the defendant's letter by treating it as a nullity.